CLD-167                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4746
_____

RICHARD L. BLANCHARD,
                                        Appellant

v.

FEDERAL BUREAU OF PRISONS; TANNER, SUPERVISOR AT USP
ALLENWOOD; SONES, GUARD AT USP ALLENWOOD; REED,
GUARD AT USP ALLENWOOD; ROSS, GUARD AT USP ALLENWOOD;
WALLS, GUARD AT USP ALLENWOOD; HOFFA, GUARD AT USP
ALLENWOOD; S. DODRILL, REGIONAL DIRECTOR; H. WATTS,
DIRECTOR OF APPEALS; YOCUM, MAILROOM SUPERVISOR
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-01606)
District Judge: Honorable William W. Caldwell
_____

Submitted on Appellant's Motion to Reopen, Appellant's Application to Proceed
In Forma Pauperis, and for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: May 3, 2011)
_____

OPINION
_____

PER CURIAM

Richard Blanchard, proceeding pro se, appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, we will summarily affirm the judgment of the District Court.

Blanchard, an inmate at USP-Allenwood, White Deer, Pennsylvania, initiated the underlying action in the United States District Court for the Middle District of Pennsylvania in August 2010, alleging that certain prison employees had interfered with his access to the courts in violation of the First Amendment. His complaint consisted primarily of allegations that prison staff had delayed in delivering incoming mail to him or sending outgoing mail on his behalf. Screening his complaint under 28 U.S.C. § 1915(e)(2), the District Court concluded that he had failed to state a claim upon which relief could be granted, and permitted Blanchard to amend his complaint, providing him with guidance as to what information the amended complaint should contain to avoid dismissal. Blanchard filed an amended complaint, in which he provided additional detail regarding his allegations, but failed to state with any specificity how he had been harmed by defendants' actions.[1] Throughout his filings, Blanchard indicated that the prison had

---

[1] Specifically, Blanchard alleged that: Unit Manager Wolever withheld a medical complaint and a grievance form from him; Correctional Officer Tanner delayed at least two days before posting a piece of his legal mail; he gave Correctional Officer Sones a letter to send by certified mail on September 25, 2008 which did not reach its destination until September 30, 2008; he wrote a letter to Mail Clerk Yocum inquiring about mail being sent out late and "was given negative responses"; Guard/Mail Clerk Reed told him that legal mail is treated the same as regular mail; Guard Ross was late in delivering mail to him on September 23, 2008 and did not follow his instructions in sending out another piece of mail on September 24 rather than September 25; Mail Clerk Ortiz returned two

switched over to a computerized legal research system on which he had not yet been trained and, therefore, he could not review in full the cases cited by the District Court in its dismissal order.

The District Court reviewed the amended complaint under 28 U.S.C. § 1915(e)(2), and dismissed it for failure to state a claim upon which relief could be granted. As the Court noted, while prisoners do have a First Amendment right of access to the courts, in order to succeed on such a claim in federal court, the prisoner must demonstrate that the alleged interference with his access to the court caused the prisoner some actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). In other words, the prisoner must demonstrate that he has been unable to litigate a nonfrivolous, arguable legal claim because of the alleged interference. See Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008). The Court had advised Blanchard of this defect in connection with his first complaint, explaining that "[t]hroughout his complaint he claims defendants have delayed the posting of his mail but he does not assert he suffered actual injury to a pending legal claim as a result of defendants' actions." Based on a review of the

---

pieces of certified mail to him on September 13, 2010 because they were addressed without titles; Guard Hoffa took a piece of certified mail from him on August 6, 2008 but never provided him with the receipt; on February 5, 2009, he gave Guard Hoffa five pieces of certified mail which were not mailed until February 11, 2009; on January 11, he gave two pieces of mail to Guard Walls but they were not mailed until January 14; he gave legal mail to Guard Chase on August 24, 2008 and it was not mailed until August 26; he gave Guard Stagus legal mail on July 30, 2009 and it was not mailed until August 3; and, on October 28, 2009, Guard Gallick delivered a piece of mail to him from the Department of Veterans Affairs dated April 1, 2009.

amended complaint, the Court concluded that Blanchard again failed to demonstrate any such injury and, accordingly, dismissed his amended complaint. Blanchard appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. First we must address Blanchard's motion to reopen his appeal. On February 15, 2011, Blanchard's appeal was dismissed for failure to pay the filing fee or file a motion to proceed in forma pauperis. He then filed a motion to reopen the appeal, dated February 22, 2011, and subsequently submitted the required documentation. A motion to reopen an appeal which was closed for failure to timely pay the filing fee will be granted upon a showing of good cause. See 3d Cir. LAR Misc. 107.2(a). We conclude that Blanchard has made such a showing. Because he qualifies for in forma pauperis status, we will grant his motions to reopen and to proceed in forma pauperis, and consider whether the appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) or whether summary action is appropriate. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

First, we note that, in assessing his amended complaint, the District Court reviewed only his claims against three defendants, believing that Blanchard had intentionally omitted the remainder of the defendants named in the original complaint from the amended complaint. While the amended complaint is somewhat confusing to read, a thorough review reveals that it does actually raise allegations against five of the other defendants named in the original complaint.[2] While the District Court therefore

_____

[2] It does appear that Blanchard abandoned his claims against Regional Director Dodrill

4

erred in reviewing the amended complaint, we will nonetheless summarily affirm the District Court's dismissal of the amended complaint for failure to state a claim on which relief could be granted. At most, Blanchard alleges that the mailing or delivery of his legal mail was delayed for a few days.[3] He does not provide any indication that he lost the opportunity to pursue a nonfrivolous or arguable underlying legal claim due to the actions of defendants. See Monroe, 536 F.3d at 205-06. While Blanchard does allege that he has suffered "emotional distress, anxiety, anguish, strain and mistrust of all staff," these effects, though unfortunate, are not sufficient to state a claim of a violation of his First Amendment rights. See id. Furthermore, the case law is clear that legal mail from prisoners is considered to have been filed at the time it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988). Finally, we note that Blanchard argues that he has not been trained in the use of the electronic legal resources in the prison. While we appreciate Blanchard's attempts to thoroughly research and respond to the Court's directives, we can discern no difference that legal research would have made on the outcome of this case. We understand that Blanchard has a number of

---

and Director of Appeals Watts. The District Court previously dismissed with prejudice Blanchard's claims against the Federal Bureau of Prisons ("BOP").

[3] With respect to Blanchard's allegation that defendant Wolever withheld a medical complaint form and grievance form from him in connection with M.D. Pa. Civ. No. 08-cv-02115, in which Blanchard alleged that BOP officials violated his constitutional rights by requiring him to purchase over-the-counter medication from the commissary, there is no indication that the alleged withholding of these forms had any impact on the lawsuit. The District Court entered judgment against Blanchard on February 18, 2010, and this Court dismissed his appeal for failure to pay the filing fee on November 15, 2010.

complaints regarding his treatment by the prison staff. As a federal court, we can only offer redress for those claims that demonstrate the violation of a federal constitutional right. The claims alleged herein do not.

Based on the foregoing, we conclude that this appeal presents no substantial question and, accordingly, will summarily affirm. See 3d Cir. LAR 27.4; I.O.P. 10.6. Blanchard's motions to reopen and to proceed in forma pauperis are granted, and his motion for the appointment of counsel is denied.